IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHI-APD CRYOGENICS, INC., | ) | |
| Individually and/or as assignee of | ) | |
| Intermagnetics General Corporation | ) | |
| And/or APD Cryogenics, Inc., | ) | CIVIL ACTION |
| | ) | |
| Plaintiff | ) | |
| V. | ) | |
| | ) | NO. 02 CV 4568 |
| ADVANCED RESEARCH SYSTEMS, INC., | ) | |
| | ) | |
| Defendant | ) | |

## DEFENDANT'S ANSWER/AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT

COMES NOW, the Defendant, ADVANCED RESEARCH SYSTEMS, INC., above-captioned, by and through its legal counsel, Gross, McGinley, LaBarre & Eaton, LLP, and sets forth the following Answer/Affirmative Defenses and Counterclaim as follows:

### Jurisdiction

1.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, it is specifically denied that this Honorable Court has jurisdiction in that the substantial claim here is money damages for an alleged unpaid debt from Defendant to Plaintiff. Strict proof is demanded.

2.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, it is specifically denied that this Honorable Court has jurisdiction in that the substantial claim here is money damages for an alleged unpaid debt from Defendant to Plaintiff. Strict proof is demanded.

## COUNT ONE

3.    Admitted.

4.    Admitted.

5.    Denied.  It is specifically denied that on or about 1974, Plaintiff's assignor, Intermagnetics General Corporation and/or APD Cryogenics, Inc. adopted the trademark "HELI-TRAN" and used it in interstate commerce for one of its products ever since.  To the contrary, it is believed and therefore averred that Plaintiff's assignor was Air Products & Chemicals, Inc., however, as to the remainder of allegations in Paragraph 5 regarding the alleged adoption of the trademark, "HELI-TRAN," Defendant is without the knowledge or information necessary to form a belief as to the truth and veracity set forth therein.  Accordingly, strict proof is demanded.

6.    Denied.  Defendant, upon reasonable investigation, is without the knowledge or information necessary to form a belief as to the truth and veracity of the allegations set forth in Paragraph 6 of Plaintiff's Complaint.  Accordingly, strict proof is demanded.

7.    Denied.  Defendant, upon reasonable investigation, is without the knowledge or information necessary to form a belief as to the truth and veracity of the allegations set forth in Paragraph 6 of Plaintiff's Complaint.  Accordingly, strict proof is demanded.

8.    Denied.  Defendant, upon reasonable investigation, is without the knowledge or information necessary to form a belief as to the truth and veracity of the allegations set forth in Paragraph 6 of Plaintiff's Complaint.  Accordingly, strict proof is demanded.

9.    Denied as a conclusion of law to which no response is required.  To the extent a response is required, it is specifically denied that any registration is now outstanding and valid. Strict proof is demanded.

10.    Denied.  It is specifically denied that the subject trade name "HELI-TRAN" was purchased by Sumitomo Heavy Industries.  To the contrary, it is believed and therefore averred that said subject trade name "HELI-TRAN" has been abandoned and/or is not current in use.  Strict proof is demanded.

11.    Admitted to the extent that the document speaks for itself.

12.    No response is required in that the document speaks for itself.  To the extent a response is required, said agreement was terminated.

13.    Denied.   It is specifically denied that Defendant has repeatedly infringed Plaintiff's trademark in interstate commerce by various acts, including, but not limited to, selling, offering for sale and advertising its products under that name.  To the contrary, any use by Defendant of the trade name "HELITRAN," without a hyphen, is in full compliance with Federal Trademark Laws.  Strict proof is demanded.

14.    Denied.   It is specifically denied that the use of the trademark by Defendants without permission or authority of Plaintiff and likely to cause confusion, to cause mistake and to deceive.  To the contrary, Plaintiff's use of the trademark "HELITRAN," without a hyphen, is used pursuant to Federal Trademark Laws and is not designed to cause confusion, mistake or deception.  In addition, said use of the trademark "HELITRAN" is with the full permission and authority of Plaintiff in that Plaintiff sends customers for "HELITRAN" products to the Defendant.  Strict proof is demanded.

15.    Denied.   It is specifically denied that Defendant's alleged acts of trademark infringement and unfair competition have been committed with the intent to cause confusion and mistake and to deceive.  To the contrary, the "HELI-TRAN" product is a discontinued product as

of June 1999 and said name "HELI-TRAN" has been abandoned by the Plaintiff.  There has been no advertising, no reference to it on Plaintiff's website and no sales by Plaintiff.  Strict proof is demanded.

16.    Admitted in part and denied in part.  It is admitted that Plaintiff has given a notice to the Defendant, however, it is denied that Plaintiff is utilizing the same trademark as the Plaintiff.  "HELITRAN" is not an approved trademark assigned to the Plaintiff.  Strict proof is demanded.

17.    Admitted to the extent that Defendant has received communication from Plaintiff requesting that Defendant take certain action.  Denied that Defendant has engaged in trademark infringement.  Strict proof is demanded.

18.    Denied.  It is specifically denied that Defendant has acknowledged and admitted any alleged infringement and agreed to cease any alleged infringement.  To the contrary, it is believed and therefore averred that Defendant has discontinued any use of "HELI-TRAN" but continues to use the trademark "HELITRAN", which has been approved pursuant to the Federal Trademark Laws and with the consent of Plaintiff.  Strict proof is demanded.

19(a)-(g).    Denied.  It is specifically denied that Defendant continues to infringe upon the alleged trademark of the Plaintiff.  Strict proof is demanded.

WHEREFORE, Defendant, ADVANCED RESEARCH SYSTEMS, INC., respectfully requests this Honorable Court to enter judgment in favor of Defendant and against the Plaintiff and to dismiss Plaintiff's Complaint.

## **COUNT TWO**

20.    No response is required.

4

21.    Denied as a conclusion of law to which no response is required. To the extent a response is required, it is specifically denied that any alleged acts of Defendant constitute unfair competition and an infringement of Plaintiff's common-law rights in its alleged trademark and are otherwise in violation of the laws of the Commonwealth of Pennsylvania. To the contrary, Defendant has not engaged in any acts of unfair competition and infringement. Strict proof is demanded.

22.    It is specifically denied that the Plaintiff has used the trademark continuously since on or about 1974. To the contrary, Plaintiff discontinued use of the trademark "HELI-TRAN" after June, 1999. In addition, Plaintiff has not sold the "HELI-TRAN" products since June 1999. Strict proof is demanded.

23.    Defendant, upon reasonable investigation, is without the knowledge or information necessary to form a belief as to the truth and veracity of the allegations set forth in Paragraph 23 of Plaintiff's Complaint. Accordingly, strict proof is demanded.

24.    Denied as a conclusion of law to which no response is required. To the extent a response is required, it is specifically denied that the result of the sales and advertising by Plaintiff under its trademark, the mark has developed and now has a secondary and distinctive trademark meaning to purchasers in Defendant's trade name. To the contrary, Defendant has utilized the trademark "HELITRAN," without a hyphen, and Plaintiff does not engage in any sale and advertising of said trademark and/or product. Strict proof is demanded.

25.    Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendant does not use the trademark "HELI-TRAN" thereby causing confusion. Strict proof is demanded.

26.    Denied as a conclusion of law to which no response is required.  To the extent a response is required, it is specifically denied that Defendant has infringed Plaintiff's mark with the intent to deceive the public into believing that goods sold by Defendant are made, approved by, sponsored by, or affiliated with the Plaintiff.  To the contrary, Defendant has used the trademark "HELITRAN," without a hyphen, which is available for use by the U.S. Trademark and Patent Office, and in fact the Plaintiff had forwarded customers to Defendant for purchase of said product.  Strict proof is demanded.

27(a)-(g).  Denied.  It is specifically denied that Defendant's alleged acts were committed with the intent to pass-off and palm-off Defendant's goods as the goods of the Plaintiff and with the intent to deceive and defraud the public.  To the contrary, in fact, Plaintiff has sent its own customers to the Defendant for purchase of said product.  Strict proof is demanded.

WHEREFORE, Defendant, ADVANCED RESEARCH SYSTEMS, INC., respectfully requests this Honorable Court to enter an Order dismissing Plaintiff's Complaint and to enter judgment in favor of the Defendant and against Plaintiff.

## COUNT THREE

28.    No response is required.

29.    Denied.  It is specifically denied that Defendant has caused goods to enter into interstate commerce with the designation and representation "HELI-TRAN" connected therewith.  To the contrary, Defendant has used the trademark "HELITRAN" in full compliance with Federal Trademark Laws.  Strict proof is demanded.

30.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Defendant has not used "HELI-TRAN" but has used the trademark "HELITRAN" in full compliance with Federal Trademark Laws.  Strict proof is demanded

31.     Denied as conclusion of law to which no response is required.  To the extent a response is required, it is specifically denied that Defendant's alleged acts are in violation of 15 U.S.C. § 1125(a).  The balance of the allegations in Paragraph 31 are also strictly denied in that Plaintiff and Defendant have a common interstate and international sales representative force for selling their products.  Strict proof is demanded.

32.     Denied as conclusion of law to which no response is required.  To the extent a response is required, it is believed and therefore averred that Plaintiff has discontinued its use of its trademark "HELI-TRAN" as of June, 1999 and therefore has not suffered damage to its business, reputation and goodwill and has not lost sales and profits.  Strict proof is demanded.

33(a)-(g).   Denied as conclusion of law to which no response is required.  To the extent a response is required, Defendant, upon reasonable investigation, is without the knowledge or information necessary to form a belief as to the truth and veracity of the allegations set forth in Paragraph 33 of Plaintiff's Complaint.  Accordingly, strict proof is demanded.

WHEREFORE, Defendant, ADVANCED RESEARCH SYSTEMS, INC., respectfully requests this Honorable Court to enter an Order dismissing Plaintiff's Complaint and to enter judgment in favor of the Defendant and against Plaintiff.

## COUNT FOUR

34.    No response is required.

35.    Admitted to the extent that said goods were delivered three (3) months past the due date.  Strict proof is demanded.

36.    Admitted in part and denied in part.  It is admitted that Defendant has failed to pay some monies due and owing to the Plaintiff, however, late shipments by the Plaintiff resulted in severe monetary damages to the Defendant in excess of $300,000.  Strict proof is demanded.

37.    Denied.  It is specifically denied that there is still due and owing the principal sum of $252,590.71 together with costs, interest, and attorney's fees.  Strict proof is demanded.

38.    Denied.  It is specifically denied that this outstanding amount is a book account that is still due and owing to the Plaintiff from the Defendant.  To the contrary, because of the Plaintiff's delay in delivering the goods and services, Defendant has sustained monetary damages in excess of $300,000.  Strict proof is demanded.

39.    Admitted to the extent that a payment has been demanded and has not been made due to the fact that Defendant has a counterclaim against Plaintiff in an amount in excess of $300,000.

WHEREFORE, Defendant, ADVANCED RESEARCH SYSTEMS, INC., respectfully requests this Honorable Court to enter an Order dismissing Plaintiff's Complaint and to enter judgment in favor of the Defendant and against Plaintiff.

## COUNT FIVE

40.    No response is required.

41.    Denied.

42.    Admitted to the extent that a demand has been made for payment and payment has not been made because said payment is in dispute and because of the Plaintiff's egregious conduct, Defendant has sustained monetary damages in excess of $300,000.

WHEREFORE, Defendant, ADVANCED RESEARCH SYSTEMS, INC., respectfully requests this Honorable Court to enter an Order dismissing Plaintiff's Complaint and to enter judgment in favor of the Defendant and against Plaintiff.

## COUNT SIX

43.    No response is required.

44.    Denied.  It is specifically denied that Defendant promised to pay said sum of money to the Plaintiff.  Strict proof is demanded.

45.    Admitted to the extent that a payment has been demanded and has not been made due to the fact that because of the Plaintiff's egregious conduct, Defendant has sustained monetary damages in excess of $300,000.

WHEREFORE, Defendant, ADVANCED RESEARCH SYSTEMS, INC., respectfully requests this Honorable Court to enter an Order dismissing Plaintiff's Complaint and to enter judgment in favor of the Defendant and against Plaintiff.

## AFFIRMATIVE DEFENSES

46.    Defendant hereby incorporates Paragraphs 1 through 45 as though set forth fully herein at length.

47.    Plaintiff's Complaint is barred by virtue of the Statute of Limitations.

48.    Plaintiff's Complaint is barred by virtue of the Statute of Frauds.

49.    Plaintiff's Complaint is barred by virtue of laches.

50.     Plaintiff's Complaint is barred by virtue of estoppel.

51.     Plaintiff's Complaint is barred by virtue of failure of consideration.

51.     Plaintiff's Complaint is barred by virtue of unclean hands.

52.     Plaintiff's Complaint is barred by virtue of contributory negligence.

53.     Plaintiff's Complaint is barred by virtue of mistake.

54.     Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

55.     Plaintiff's claim is barred since this Court does not have jurisdiction over Plaintiff's claim.

56.     Plaintiff's Complaint is barred by virtue of accord and satisfaction.

57.     Plaintiff's claim is barred by virtue of consent.

58.     Plaintiff's claim is barred by virtue of impossibility of performance.

59.     Plaintiff's claim is barred by virtue of justification.

60.     Plaintiff's claim is barred by virtue of release.

61.     Plaintiff's claim is barred by virtue of license.

62.     Plaintiff's claim is barred by virtue of fraud.

63.     Plaintiff's acts are both illegal and egregious and unconscionable pursuant to the contracts entered into between Plaintiff and Defendant. Plaintiff illegally claims that its trademarks "DISPLEX" and "HELI-TRAN" are the property of the Plaintiff and improperly forwarded letters to all of Defendant's representatives requiring them to cease and desist from use of said names and to remove them from their websites and for them to cease and desist from distributing Defendant's literature with said trade names.

64.    "DISPLEX" is in an "open domain" for cryocoolers and Plaintiff has erroneously stated that it is the intellectual property owner of "DISPLEX" and "HELITRAN."

65.    To the contrary, the trademarks "DISPLEX" and "HELITRAN" are in open domain" for cryocoolers and subject to use by the Defendant.

WHEREFORE, Defendant, ADVANCED RESEARCH SYSTEMS, INC., respectfully requests this Honorable Court to enter an Order dismissing Plaintiff's Complaint and to enter judgment in favor of the Defendant and against Plaintiff.

## DEFENDANT'S COUNTERCLAIM

66.    Defendant hereby incorporates Paragraphs 1 through 65 as though set forth fully herein at length.

67.    Defendant acted as a sales representative for Plaintiff in accordance with a Sales Agreement dated September 11, 1989.

68.    Pursuant to the Agreement, Plaintiff was obligated to pay certain commissions for two (2) years after termination of said Agreement.

69.    The Agreement terminated on January 26, 1999 by the Plaintiff with commissions due and owing until January 26, 2001.

70.    Defendant agreed to offset the sum of $15,000 in inventory value against certain commissions due and owing to Defendant with the proviso that the Defendant would receive an accounting of the Defendant's account pursuant to the Agreement of September 11, 1989.

71.    Plaintiff failed to provide said accounting to the Defendant at the Defendant's specific request.

72.    Thereafter, Plaintiff delivered only a small portion of the inventory being sold from Plaintiff to Defendant in an unmarked, damaged and unaccountable condition in damaged boxes, dirty, corroded, and not suitable for cryogenic work.  The value of said materials was less than $15,000.

73.    Defendant therefore requested another accounting and commissions due and owing from the Plaintiff without response from the Plaintiff.  Defendant also requests an accounting of all commissions owed.

74.    Additionally, during the term of the Manufacturing Agreement between Plaintiff and Defendant, Plaintiff was required to make certain shipments without delay and within six (6) weeks of the purchase order generated from Defendant to Plaintiff.

75.    Plaintiff consistently forwarded said shipments late and made no shipments to the Defendant in September, October, and November 2000.

76.    During this time, all production ceased at Defendant's factory all the while Defendant was incurring overhead expenses and lost profits in an amount in excess of $300,000.

77.    Plaintiff intentionally stopped and redirected shipping the product ordered by the Defendant from the Plaintiff to other customers with the full financial knowledge of the severity of the loss and damages to the Defendant.  Plaintiff again stopped shipment of product to the Defendant in January 2001 without any legitimate cause or reason, Defendant thereby incurring further additional damages in an amount in excess of $100,000.

78.    Plaintiff thereafter stopped and ceased all helium compressor shipments to the Defendant in May and June of 2001.

79.    Plaintiff never responded to Defendant's request for information and/or assistance until it received a letter of termination dated July 7, 2001.

80.    Plaintiff's CEO, Tsuneo Nagano, in his correspondence of March 5, 2002, to Defendant improperly represented and unethically claims that the Defendant had properly misappropriated the trade names "DISPLEX" and "HELITRAN", when in fact "HELITRAN" is not a trademark of Plaintiff and "DISPLEX" has never been the registered trademark property of the Plaintiff.

81.    Defendant has been damaged due to lack of sales since March 2002 in an amount in excess of $300,000 and world-wide in amount in excess of $600,000.

WHEREFORE, Defendant, ADAVANCED RESEARCH SYSTEMS, INC., respectfully requests this Honorable Court to enter judgment in favor of Defendant and against Plaintiff:

(1)    For loss of sales in the amount of $900,000, plus interest;
(2)    Commissions due and treble damages;
(3)    Late Shipment damages in an amount in of $400,000; and
(4)    Attorney's fees.

GROSS, MCGINLEY, LABARRE & EATON, LLP


DATE:_____        BY:_____
                                                ANNE K. MANLEY, ESQUIRE
                                                Attorney for Defendant, Advanced Research
                                                Systems, Inc.
                                                33 South 7th Street, P.O. Box 4060
                                                Allentown, PA  18105-4060
                                                Phone:  (610) 820-5450
                                                Direct No.:  (610) 871-1319
                                                Fax:  (610) 820-6006
                                                I.D. # 51857

<u>**CERTIFICATE OF SERVICE**</u>

ANNE K. MANLEY, ESQUIRE, hereby certifies that she served a true and correct copy

of the ANSWER/AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S

COMPLAINT, upon the following persons listed below, by first class U.S. mail, postage

prepaid, on September 19, 2002:


WILLIAM C. MACMILLAN, ESQUIRE
LAW OFFICES OF IGOR STURM
101 HOPKINS AVENUE
P.O. BOX 162
HADDONFIELD, NJ  08033


GROSS, MCGINLEY, LABARRE & EATON, LLP


DATE:_____          BY:_____
                                ANNE K. MANLEY, ESQUIRE
                                Attorney for Defendant, Advanced Research
                                Systems, Inc.
                                33 South 7th Street
                                P.O. Box 4060
                                Allentown, PA  18105-4060
                                Phone:  (610) 820-5450
                                Direct No.:  (610) 871-1319
                                Fax:  (610) 820-6006
                                I.D. # 51857


W:\WDOX\CLIENTS\advance\apdcryog\00006798.DOC